## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| SAMIRAH TAHER MOHAMMED ALKABSH, | ) ) ) | |
| Petitioner, | ) ) | No. 2:20-cv-02537-TLP-cgc |
| v. | ) ) | |
| WILLIAM P. BARR, CHAD WOLF, U.S. CITIZENSHIP & IMMIGRATION SERVICES, CINDY GOMEZ, and DESHAWNA WILLIAMS, | ) ) ) ) ) | |
| Respondents. | ) ) | |

## ORDER GRANTING PETITIONER'S MOTION TO HOLD CASE IN ABEYANCE

In July 2020, Petitioner Samirah Taher Mohammed Alkabsh petitioned this Court to review the denial of her naturalization application under 8 U.S.C. 1421(c).  (ECF No. 1.)  But here Petitioner moves this Court to hold her case in abeyance until the conclusion of her removal proceedings.  (ECF No. 17.)  And the Government opposes.  (ECF No. 21.)  For the reasons below, the Court **GRANTS** Petitioner's motion.

## BACKGROUND

In 2006, the Government granted Petitioner lawful permanent resident (LPR) status, and she has lived in the United States since then.  (ECF No. 1 at PageID 3.)  Petitioner applied for citizenship, but in 2019, the Government denied her application claiming she used fraud to gain LPR status.  (*Id.*)

When Petitioner applied for LPR status in 1999 she was an *unmarried* daughter of a United States citizen.  (ECF No. 7 at PageID 37.)  About six years later, a consular officer

approved Petitioner's application for a visa, which reflected that she was still single. (*Id.*) But later, when Petitioner applied for naturalization, she stated that she had gotten married on August 26, 2005—two months before she submitted the visa application claiming she was still single. (*Id.* at PageID 38.) On this basis, the United States Citizenship and Immigration Services (USCIS) denied her naturalization application claiming she did not lawfully obtain LPR status. (*Id.*)

At that point, Petitioner petitioned this Court for de novo review of the denial of her naturalization application. (ECF No. 1.) Yet shortly after she petitioned here, the Government initiated removal proceedings against her. (ECF No. 17 at PageID 128.) The Government argues that that this Court cannot grant relief while Petitioner is in removal proceedings, and so the Court should dismiss this case. (ECF No. 7 at PageID 43.)

In response, Petitioner moves this Court to hold this case in abeyance until her removal proceedings have concluded. (ECF No. 17.) Petitioner argues that the Government commenced removal proceedings after she brought this case so it could delay the Court's review of her application. (*Id.*) Rather than dismissal, Petitioner requests a stay here, since she has already paid the civil filing fee and initiated this case. (*Id.*)

The Government opposes a stay arguing that the Court should grant its motion to dismiss instead. (ECF No. 21.) The Government claims it could take years for Petitioner to work through removal proceedings, and it would not serve the public interest for this case to languish. (*Id.*) Further, the Government argues that a lost filing fee is not enough to justify a stay. (*Id.*)

In the end, the Court agrees with Petitioner that a stay is appropriate here.

## ANALYSIS

For starters, the Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Also, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014).   Even so, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

In deciding whether to stay a case, courts may consider factors such as: (1) the need for a stay, (2) the litigation stage, (3) whether the non-moving party will be unduly prejudiced, (4) whether  a stay will simplify the issues, and (5) whether a stay will reduce the burden of litigation for both the parties and the court.  *Kirby Developments, LLC v. XPO Global Forwarding, Inc.*, 2:18-cv-500, 2018 WL 6075071, at *2 (S.D. Ohio Nov. 20, 2018).   And "[t]he movant bears the burden of showing both a need for delay and that neither the other party nor the public will suffer harm from entry of the order." *Id.* (citing *Ohio Env't. Council*, 565 F.2d at 396).

Here the Court finds that a stay is justified.  Petitioner filed this case and paid the civil filing fee in anticipation of litigating her claim here.  (*See* ECF No. 1.)  Yet, only a month later, the Government started removal proceedings preventing this Court from addressing her claim until those proceedings are over.  *See Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004).

The Court sees no compelling reason to dismiss this case now and, depending on the outcome, to have Petitioner start over when the immigration court decides.

The Government correctly points out that Petitioner's removal proceedings do not begin until December 2021, which could make this case linger.  (*See* ECF No. 21.)  But even if this case lasts longer than a typical case, the Court finds that neither the Government, nor the public, will be prejudiced in the meantime.  Once the immigration court has completed Petitioner's removal proceedings, the parties can resume this case.  And those removal proceedings may help simplify the issues here.  And so, the Court will exercise its discretion to stay this case.

As for the outstanding motion to dismiss, the Court will hold that motion in abeyance and address the merits of that motion after the immigration court completes its review of Petitioner's removal.

## CONCLUSION

To conclude, the Court **STAYS** this case until the immigration court completes removal proceedings.  Further, if Petitioner plans to continue with this action, the Court **ORDERS** Petitioner to notify this Court of her intent within thirty days after the completion of removal proceedings.  And the Court **HOLDS IN ABEYANCE** Respondents' motion to dismiss.

**SO ORDERED**, this 16th day of February, 2021.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE